PER CURIAM.
According to his application the defendant, Carlton Ross, is charged with violations of La. R.S. 56:301, La. R.S. 56:305 and La. R.S. 56:424, relative to fishing licensing and taking of oysters.
The defendant’s motion to quash was denied. He now urges that his citations violate the Louisiana Constitution. The defendant makes two related arguments, i.e., that (1) the statutory authority violates La. Const. Art. II, § 2 and (2) the statutory authority goes beyond that constitutional authority.
La. Const. Art. II, § 2 provides:
Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.
Because of the inevitability of overlap, each branch of government should strive to maintain separation of the powers by not encroaching on the powers of the others. Konrad v. Jefferson Parish Coun *647 cil, 520 So.2d 393 (La.1988). By contrast with the federal constitution, the general principles regarding judicial interpretation of a state constitution recognize that the provisions of a state charter are not mere grants of power but, instead, are limitations on the people’s plenary power exercised through the state legislature. New Orleans Firefighter’s Association v. Civil Service Commission, 422 So.2d 402 (La.1982). As such, in order to hold legislation invalid, it is necessary to rely upon a particular constitutional provision which limits the legislature’s power to enact the statute appealed. New Orleans Firefighters Association, supra.
The defendant and the State stipulated that the defendant was cited by a deputy of the Plaquemines Parish Sheriff’s Office who did not hold a commission from the Department of Wildlife and Fisheries.[1] The statutory authority for citation by the deputy is found in La. R.S. 56:54(B) which provides:
The assistant secretary of the office of forestry, employees of the office of forestry, the secretary, commissioned wildlife agents, commissioned wildlife employees of divisions other than enforcement, any of the various sheriffs, deputy sheriffs, constables, deputy constables, marshals, and other police officers of this state may, without a warrant, arrest any person violating any of the laws or regulations under the jurisdiction of the department, especially R.S. 41:1009 and R.S. 56:1478.1, and may immediately take such person in custody for examination or trial before any officer or court of competent jurisdiction of this state or of the United States, and may serve and execute any warrant or other process issued by any officer or court of competent jurisdiction of this state for the enforcement of such laws and regulations.
Relative to the authority of a sheriff, La. Const. Art. V, § 27 provides:
In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided in this constitution, and shall execute court orders and process_ (emphasis added)
The sheriff’s constitutional authority is in Article V which relates to the judicial branch.
The defendant urges that Article V, Section 27 is limited by La. Const. Art. IX, § 7 which provides:
(A) Members: Terms. The control and supervision of the wildlife of the state, including all aquatic life, is vested in the Louisiana Wildlife and Fisheries Commission. The commission shall be in the executive branch ...
(B) Duties: Compensation. The functions, duties and responsibilities of the commission, and the compensation of its members, shall be provided by law.
The defendant suggests that wildlife and fisheries requirements are so complex as to require that anyone entrusted with their enforcement be specifically trained and directed by the Secretary of the Wildlife and Fisheries Commission. No evidence was presented to support that concept.
Sheriff’s deputies regularly perform that function in the context of ordinance and statutory violations. Section 7 merely establishes the Wildlife and Fisheries Commission and grants legislative authority to delineate its powers. We do not read La. Const. Art. IX, § 7 as a limitation on the sheriff’s constitutional authority to execute court orders and process.
Likewise, we do not conclude that the statutory authorization violates La. Const. Art. II, § 2. La.R.S. 56:54(B) does not attempt to increase the power of the judicial branch (via the sheriff’s office) at the expense of the executive branch (via the Commission). See generally Morrison v. Olson, — U.S. -, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). The Commission is not deprived of any authority and is, in fact, aided by the additional resources.
The defendant next contends that the statutory authority by which he was cited violates La. Const. Art. III, § 15 which provides in part:
*648 Every bill, except ... bills for the enactment, rearrangement, codification, or revision of a system of laws, shall be confined to one object.
La. R.S. 56:54(B) was amended by Acts 1985, No. 876 to authorize various individuals, including sheriff deputies, to enforce wildlife and fisheries provisions.
The defendant contends that the amendment is unconstitutional because the act has more than one object.
Act 876 provides for revision of several of the wildlife provisions. We are satisfied that Art. III, § 15 of the Louisiana Constitution has not been violated.

. This is from a minute entry in the application.